IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGE196, LLC AND JAIKRISHNA PATEL, § § | | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03417 |
| | § | |
| JOINTER, INC., JUDE G. REGEV, DEBBIE ROSENBLUM, AND KYLE WHITE, | § § § § § | |
| *Defendants*. | § | JURY TRIAL DEMANDED |

**Motion to Dismiss for Lack of Personal Jurisdiction and, In the Alternative, Partial Motion to Dismiss for Failure to State Claims**

Pursuant to Rule 12(b)(2) & (b)(6), Defendants Jointer, Inc. and Jude G. Regev respectfully seek dismissal of the Complaint for lack of personal jurisdiction and, in the alternative, partial motion to dismiss for failure to state claims.

**Nature and Stage of the Proceedings**

The Complaint, filed on October 2, 2020 (Dkt. 1), alleges state-law breach of contract claims against Jointer and Regev based on a Simple Agreement for Future Equity (the "Convertible Note") and, separately, a licensing agreement and its addendum (Counts 1, 3, & 4); breach of fiduciary duty against Jointer,

Regev, and Kyle White (Count 5).[1] Plaintiffs also improperly seek declarations duplicative of their breach of contract claims that plaintiff Patel is not obligated to pay an additional $1 million in obligations pursuant to the Convertible Note. By agreement of the parties, Defendants' deadline to respond to the Complaint is November 27, 2020.

**Statement of Issues and Argument Summary**

At issue is whether this Court may exercise personal jurisdiction over the Defendants under the constitutional principles of due process for each claim alleged. "Personal jurisdiction may be general or specific." *Victor Elia Photography, LLC v. Leonardo Worldwide Corp.*, 2019 U.S. Dist. LEXIS 184330 at *3 (S.D. Tex. Jan. 28, 2019) (Hittner, J.). This case does not involve general jurisdiction, as Defendants do not reside in Texas and have no contacts with Texas. *Id*. "The Court has specific jurisdiction over a nonresident defendants whose contacts with the forum state are singular or sporadic only if the claim asserted arises out or is related to those contacts." *Id*. (internal quotations omitted). Jurisdiction must be established for each claim alleged.

---

[1] Plaintiffs dismissed Defendant Debbie Rosenblum without prejudice on November 25, 2020. Dkt. 19. During the parties' joint case management conference on November 27, 2020, Plaintiffs' counsel further stated that Plaintiffs will also dismiss the case against Defendant White and refile it in Ohio, presumably because Plaintiffs recognize personal jurisdiction is lacking, as it is lacking against all Defendants.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (holding that specific jurisdiction is a claim-specific inquiry).

Plaintiffs' claims are essentially contract claims. Plaintiffs visited California multiple times to negotiate and finalize the contracts and payments. The Convertible Note (Ex. 2) contains a choice of law clause designating Delaware law. Plaintiffs visited California for investor meetings of Jointer. The case was even mediated, after the filing of the Complaint and with the consent of Plaintiffs, with a California mediator from the "Silicon Valley Arbitration & Mediation Center," with Defendants physically in California. These and other facts establish that personal jurisdiction is lacking over Defendants.

Even if the exercise of personal jurisdiction over Defendants Jointer and Regev is justified under due process and reasonable, the Complaint also fails to partially state certain claim under the familiar rules for motions to dismiss under FRCP 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The contracts allegedly breached are with Jointer only, so suing Regev personally on contract claims is without merit. Plaintiffs have also invalidly repackaged their contract claims as declaratory judgment actions. Finally, holders of the Convertible Note are not owed a fiduciary duty.

**Statement of Facts**

Jointer, incorporated in Delaware, seeks to modernize investing by using software and blockchain technology. Ex. 1, ¶4 (declaration of J. Regev). Jointer's founder and chief executive officer is Defendant Regev. Jointer's principal office is located in California, where Regev is a resident. *Id.*, ¶¶2–4. Jointer has no employees in Texas and does not conduct business in Texas. *Id.* Other than Plaintiff Patel, all of Jointer's investors are California-based. *Id.* Neither Jointer nor Regev has ever maintained or owned an office, property, bank account, agent, or any fixed presence in Texas. *Id.*

Plaintiff Patel is an early-stage holder of Convertible Notes in Jointer. Dkt. 1, ¶6. Under the Convertible Note, Patel agreed to invest $2 million in Jointer. Ex. 2.[2] The Convertible Note, which is governed by Delaware law, *does not create* any equity in Jointer and is merely an investment tool for start-ups that *may lead* to equity for the investor holding such a note. *Id.* at p. 1, 8.

Patel's involvement in Jointer started when a San Francisco-based employee of EDGE196, which Patel founded, contacted Jointer in early 2018

---

[2] Documents referenced in the complaint that are central to the plaintiffs' claims may be attached by the defendant to a motion to dismiss and relied on by the Court in ruling on the motion. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

about investing in Jointer.³ Ex. 1, ¶¶6–7. EDGE196 is a sophisticated investor and has offices in India, San Francisco, and Houston. In 2018, EDGE196 invited Jointer to participate in a FINTECH challenge in India, where EDGE196 would select 25 companies around the globe to receive investments ranging from $50,000 to $250,000, with the winner of the challenge, in this case Jointer, receiving $1 million or more. *Id*.

In February 2018, Patel flew to California *specifically* to meet with Jointer's Regev and negotiate the terms of the Convertible Note, flying in late in the day and departing early morning. *Id*. Following execution of the Convertible Note and after Patel requested an extension of the 10-day deadline by which he was to pay Jointer $2 million under the Convertible Note, Patel attended a conference in San Francisco, California at which he handed Regev, on behalf of Jointer, a check for $1 million. *Id.*, ¶7; Ex. 1-A (photo); Ex. 2 at 11 ("Delays or Omissions"). Later, at a second conference, in India, where EDGE196 has employees/partners, Patel handed Jointer a second $1 million check.⁴ Ex. 1, ¶7; Ex. 1-B (photo).

---

3   *See* https://www.edge196.com/team, visited November 25, 2020.

4   This $1 million check was deposited in a California bank, but was returned insufficient. Jointer has reported the issue to the local district attorney and intends to file a civil action in California for the debt. Ex. 1, ¶7.

After executing the Convertible Note, Patel attended two Jointer investor meetings in California. He attended a third conference by Zoom, with virtually all other attendees in person in California. Ex. 1, ¶8.

EDGE196 entered into a licensing agreement with Jointer on August 9, 2019; they signed a revised version on August 12, 2019. Ex. 3 (August 9 license agreement); Ex. 4 (August 12 agreement); Dkt. 1, ¶24. An addendum to the license agreement, which "amends that certain License for Jointer's Technology and Solutions dated as of August 12, 2019," was executed on January 29, 2020. Ex. 5.

After execution of the Convertible Note and licensing agreements, Regev visited Houston, Texas in October 2019 and February 2020, at Patel's request, to largely explain the licensing agreement to EDGE196's partners. The costs to for these business tripe was expensed by Jointer to its client EDGE196, which paid the amounts. Ex. 1, ¶8.

Following the filing of the lawsuit, the parties unsuccessfully mediated via Zoom with a mediator, from the "Silicon Valley Arbitration & Mediation Center," *in California*. Jointer and Regev were *in California* for the mediation. *Id.*, ¶11. Plaintiffs consented to mediation with a California mediator and with Jointer and Regev physically in California. *Id.*

## Argument

The Complaint is long and rife with disputed allegations, but those allegations do not establish personal jurisdiction over Defendants.

### A. Plaintiffs' claims do not support general jurisdiction.

For general jurisdiction to apply, all but a showing of a defendant being "essentially at home" in the forum state is required. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 922–23 (2011). General jurisdiction is lacking here given the Complaint's dearth of any jurisdictional facts. *See Monkton Ins. Servs., Ltd. v. Ritter*, 786 F.3d 429, 432 (5th Cir. 2014) (observing that it is now "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or the principal place of business.").

### B. Specific jurisdiction rests on a defendant's in-state conduct giving rise to a plaintiff's claim.

Specific jurisdiction requires a showing that the defendant purposefully availed itself of the privilege of conducting activities in the forum state or purposefully directed its conduct into the forum state, and, importantly, the claims against that defendant *must arise out of or relate to the defendant's forum conduct. Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1785–86 (2017).

1. **Plaintiffs' contracts are solely with Jointer (not Regev).**

Plaintiffs have alleged three contract claims against Jointer and Regev, even as each contract is with Jointer solely.[5] Ex. 2–4. By definition a contract claim is against a contracting party. *See H-M Wexford LLC v. Encrop, Inc. et al.*, 832 A.2d 129, 140 (Del. Ch. 2003). Even if Texas law applied, which it does not, the same rules apply. *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006) (only entity party to the contract may be sued for breach). Thus, for the contract claims only the contacts of Jointer with Texas must be considered.

2. **All alleged Jointer breaches occurred in California.**

The Convertible Note is expressly governed by Delaware law. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 482 (1985) (choice-of-law provisions are relevant, but not dispositive, to the jurisdictional analysis).

The August 9, 2020 licensing agreement and the January 2020 addendum do not contain choice of law or forum selection provisions, although clearly they envision performance in California. All performance obligations from Jointer relate to various software development and integration of that software completed by Jointer in California. *See, e.g.*, Dkt. 1, ¶¶ 50 (alleging

---

[5] Count 1 of the Complaint alleges breach of the Convertible Note . Dkt. 1, ¶¶ 49-53. Count 3 of the Complaint alleges breach of the August 9, 2019 license agreement. *Id.*, ¶¶ 58–62. Count 4 of the Complaint alleges breach of the license addendum. *Id.*, ¶¶ 64–68

Jointer "breached the Convertible Note Agreement by denying Patel—the right to a non-voting Board observer position"), 52 (alleging Jointer breached "the Convertible Note by failing to convert it and give Patel and EDGE the equity and bonus JNTR tokens they are owed"), 61 (failure to deliver "code for the three coins …"), 67 ("failing to integrate EDGEX with Jointer").

The Convertible Note also requires that all notices to Jointer be sent to a California address. Ex. 2, ¶ 14; *Burger King*, 471 U.S. at 479 (the jurisdictional inquiry considers "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing"); *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018) (observing that "only those acts which relate to the formation of the contract and the subsequent breach" of the contract are considered).

The addendum contains a "Dispute Resolution" provision that requires "mediation in Houston, Texas." Ex. 5, ¶13. Setting aside the relevance of that provision for jurisdictional purposes or whether it may properly serve as a forum selection clause, which Defendants dispute, Plaintiffs *clearly waived* that provision by consenting to mediation with a California-based mediator and with Jointer and Regev attending the mediation *while in California*. Ex. 1, ¶ 11; *see, e.g., Hampton v. Equity Trust Co.*, 736 Fed. Appx. 430, 437 (5th Cir. 2018) (holding party "intentionally and voluntarily relinquished its rights

under the forum-selection clause through conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished") (internal quotations omitted). Moreover, because "only those acts which related to the formation of the contract and the subsequent breach" are considered for specific jurisdiction analysis, any contention that the mediation provision, which took place in California anyway, controls jurisdiction is without merit. *Trois*, 882 F.3d at 489.

### 3. Jointer operates in California and does not direct commerce to Texas.

Jointer's business does not include directing business or advertisements to Texas. Moreover, mere contracting with a forum resident is insufficient to establish personal jurisdiction over a nonresident defendant. *Burger King*, 471 U.S. at 478–79; *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Courts consider the quality and nature of the defendant's contacts with the forum state, not isolated instances of contact or even where the contract was signed. *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). Courts have pointedly held that directing telephone calls and other forms of communications, such as Skype, to the forum state in the course of negotiating and performing a contract, and mailing payments to the forum state, are not jurisdictionally significant and are insufficient to show purposeful availment. *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009); *see also Pederson v.*

*Frost*, 951 F.3d 977, 980 (8th Cir. 2020) (affirming dismissal on personal jurisdictional grounds because even "hundreds of phone calls and emails related" received in the forum state are not sufficient to establish a "broader effort by the defendants to create a connection with Minnesota").

**4. The fiduciary claim also does not support specific jurisdiction.**

Plaintiffs have alleged that Defendants breached their fiduciary duties. As explained below and in the Motion to Dismiss filed by Defendant Young (Dkt. 18), even assuming a claim for relief is alleged, which is not, allegations to support specific jurisdiction remain wanting.

Plaintiffs claim that the individual Defendants "enrich[ed] themselves at the expense of Jointer investors" by awarding themselves "bonus tokens" and making false representations to CoinTiger, a Bitcoin exchange. Plaintiffs also allege that Defendant White breached his fiduciary duties "by charging EDGE exorbitant above-market prices to gain extra benefits for Jointer to obtain kickbacks in exchange for listing of EDGEX."[6] Dkt. 1, ¶¶ 71–74. The allegations are baseless, and, more importantly, they do not support Plaintiffs' burden to establish personal jurisdiction over Defendants.

---

[6] These allegations, even accepting them as true, which they are not, arise directly from the terms of the license agreement and addendum. The economic loss rule bars repackaging contract claims as tort claims. *Equistar Chems., L.P. v. Dresser-Rand Co.*, 240 S.W.3d 864, 867 (Tex. 2007).

"A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 283–84, 286. Defendants "enriching themselves" has no jurisdictional relationship to Texas; neither does making alleged malpresentations to CoinTiger, which is not based in Texas (it is based in Singapore). Even the allegations against White do not have any relationship to Texas, as they rest on alleged misrepresentations by White to third-party exchanges *to allegedly favor Jointer*. Dkt. 1, ¶ 74. *Walden*, 571 U.S. at 286 (exercise of jurisdiction "must be based on intentional conduct by the defendant that creates the necessary contacts with the forum").

Courts nationally have concluded that alleged defamatory or false statements, even when involving a forum plaintiff, are insufficient to confer specific jurisdiction. *See, e.g.*, *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (holding Texas courts lacked specific jurisdiction over New York resident who allegedly defamed Texas resident in statements to federal investigators).

**5. The Declaratory Judgment claim does not plead jurisdictional facts.**

Plaintiffs have also repackaged their alleged Convertible Note-related claims as a declaratory judgment action, namely contending that Plaintiffs' failure to fully invest the $2 million under the Convertible Note is excused. Dkt. 1, ¶¶ 55–56. Irrespective of the tenor of the declarations sought, it is

irrefutable that they are based on interpretations of the Convertible Note and addendum, which for the same reasons set forth above, must be litigated in a forum other than Texas.

### 6. Exercise of personal jurisdiction would be unreasonable.

Even if "minimum contacts" or "purposeful availment" is established, the second part of the analysis is whether the exercise of personal jurisdiction is "reasonable" or comports with "traditional notions of fair play and substantial justice." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1786.

In evaluating whether the exercise of personal jurisdiction over the defendant could be considered unreasonable the courts considers five factors: (1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of several states in furthering fundamental social policies. *Bristol-Myers*, 137 S. Ct. at 1786.

Here, all of the factors favor Defendants. Jointer is a start-up with limited funds based in California; Regev lives in California; all other investors in Jointer are in California; Plaintiff EDGE196 has an office in California, and regularly conducts business in Silicon Valley, searching for start-ups in invest

in; California has an interest in developing its laws relating to start-ups and their investors, which often use Convertible Note -type agreements; virtually all individual witnesses, other than Patel, are based in California or in forums other than Texas; and a dispute already exists regarding the second $1 million check to Jointer that was returned for insufficient funds and that has been reported to a district attorney in California. Jointer intends to file a civil lawsuit against Patel for his debt obligations, which will result in two parallel proceedings in two different States absent this Court granting Defendants' Motion.

**C. Partial Motion to Dismiss for Failure to State Claim**

**1. The Complaint fails to state a claim for breach of fiduciary duty.**

Plaintiffs' breach of fiduciary claim fails to state a claim for relief, even if personal jurisdiction over the Defendants was constitutionally permissible.

The Convertible Note is by its express terms an investment document *that may* convert to equity upon the occurrence of some conditions. Dkt. 1, ¶ 20. Plaintiffs have not plausibly alleged that any such conditions have occurred. The only reference in the Complaint is this bare statement: "the money paid under the Convertible Note has converted into equity." *Id*. ¶ 51. But the Convertible Note is far more specific in the manner by which the investment

may convert to equity, and Plaintiffs have not alleged any such steps to conversion. Ex. 2 at 3–4 (setting forth steps for "Conversion" and "Mechanics").

Indeed, the Complaint itself acknowledges that Plaintiffs have no equity because of a lack of conversion: "Joiner and Regev have also breached the Convertible Note *by failing to convert it* and give Patel and EDGE the equity and bonus JNTR tokens that they are owed." Dkt. 1, ¶ 52 (italics added). Moreover, the Convertible Note is between Jointer and Patel, so EDGE is not entitled to any equity in Joiner under the Convertible Note; and, anyway, the Convertible Note interest has not been converted to equity, as Plaintiffs acknowledge, in part because Patel has failed to satisfy his obligations under the Convertible Note to make a $2 million investment.

Under Delaware law a claim for breach of fiduciary duty can only be brought as a derivative lawsuit by a shareholder. *Aspen Advisors LLC v. UA Theatre, Co.*, 861 A.2d 1251 (Del. 2004); *Simons v. Cogan*, 542 A.2d 785, 789 (Del. Ch. 1987) (holding in contrast to commons shareholders, the holder of a convertible note is not owed any fiduciary duties by the principals of the company); *see also 7547 Corp. v. Parker & Parsley Dev. Partners, L.P.*, 38 F.3d 211, 221–22 (5th Cir. 1994) ("The cases are legion that a shareholder may not sue directly for breaches of duties by officers and directors of a company ….").

Because no such duties exist, Plaintiffs have failed to state a claim under Count 5.[7]

**2. The Declaratory Judgment fails to state a claim for relief.**

The Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Winton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

Plaintiffs seek declarations that (1) "EDGE and Patel are not liable to Jointer and/or EDGE … *based on any breach of the Convertible Note agreement*" and (2) "Joiner and Regev wrongfully cancelled EDGE's License and Addendum … *pursuant to the terms of those agreements ….*" Dkt. 1, ¶ 56 (italics added).

The requested declarations impermissibly restate or duplicate Plaintiffs' breach of contract claims. Plaintiffs' Claim 1 seeks relief for breach of the Convertible Note, the very agreement that is the subject of the requested

---

[7] The Complaint's allegations in support of its breach of fiduciary claim rests, in part, on the baseless contention that Joiner favored other investors by awarding them "bonus" tokens and requiring EDGE196 to execute a "Second Addendum and then a Distribution Agreement" to obtain the "bonus" tokens. Dkt. 1, ¶ 3. Relevant to this Motion, Jointer offered the bonus tokens equally to all investors but required the execution of a "Jointer Digital Asset Purchase Agreement," which other investors executed. Ex. 6. Patel refused to execute that agreement, which is dated the same date as the addendum. That agreement contains a Dispute Resolution provision that mandates arbitration in the "San Francisco Bay Area." Ex. 6, Section IX.02.

declarations. Similarly, the requested declaration that Plaintiffs "are not liable" under the Convertible Note is essentially an element of Plaintiffs' breach of the Convertible Note (or a defense to the claim), as all contract claims require a party to satisfy its own performance as an element of its claim. *Medicalgorithmics S.A. v. AMI Monitoring, Inc.*, 2016 Del. Ch. LEXIS 128 at *72–73 (Del. Ch. Aug. 18, 2016) (under Delaware law, a party may be "excused from performance under a contract if the other party is in material breach thereof") (internal quotations omitted).

If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. *See Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (affirming refusal to allow leave to add claims that were adequately raised in the original complaint); *Madry v. Fina Oil & Chem. Co.*, 1994 U.S. App. LEXIS 42717 at *5 (5th Cir. Dec. 27, 1994) (invalidating a declaratory judgment that the plaintiff was an at-will employee because the judgement "was duplicative and superfluous in light of the resolution of the contract claim …"). Because the declarations Plaintiffs seek by their Count 2 are duplicative of the issues to be resolved by the breach of contract claims, the Court should dismiss with prejudice Plaintiffs' Count 2.

### 3. The contract claims against Regev should be dismissed for failure to state claims.

As explained above, because the Convertible Note is an agreement between Jointer and Patel, while the licensing and addendum agreements are between Jointer and EDGE196, any breach of contract claims against Regev personally should be dismissed for failure to state claims.

### Request for Relief

Defendants respectfully ask the Court to dismiss this lawsuit for lack of personal jurisdiction over all Defendants. In the alternative, the Court should dismiss with prejudice Plaintiffs' Claims 2 and 5 as to all Defendants; and dismiss Plaintiffs' Claims 1, 3, and 4 as to Regev. Defendants pray for all other relief to which they are justly entitled under law and equity.

Respectfully submitted,

*/s/ Mo Taherzadeh*

TAHERZADEH, PC
MO TAHERZADEH
mo@taherzadehlaw.com
Texas Bar No. 24028022
Federal Bar No. 29596
550 Post Oak Blvd., Suite 580
Houston, Texas 77027
Telephone: (713) 360-6055

Counsel for Defendants Jointer, Inc. and Jude G. Regev

## CERTIFICATE OF SERVICE & CONFERENCE

I hereby certify that on November 27, 2020**,** a copy of the foregoing instrument was served all counsel of record via the Court's ECF system and/or email or by regular first class mail. I further certify that Counsel for Plaintiffs is opposed to the relief requested, as discussed during the parties' joint case management conference.

                                        */s/ Mo Taherzadeh*
                                        Mo Taherzadeh