IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGE196, LLC AND JAIKRISHNA PATEL, *Plaintiffs*, | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-03417 |
| v. | | |
| JOINTER, INC. & JUDE G. REGEV, *Defendants*. | | JURY TRIAL DEMANDED |

### *Reply* in Support of Motion to Dismiss (Dkt. 21)

Defendants Jointer, Inc. and Jude G. Regev respectfully file this Reply in Support of their Motion to Dismiss.

**Argument**

**A. The Motion to Dismiss is not moot.**

Plaintiffs wrongly claim the Motion to Dismiss is moot in light of the First Amended Complaint ("FAC"—Dkt. 31), but the FAC should be dismissed for the same reasons stated in the Motion to Dismiss; it suffers from the *same* infirmities that plagued the original Complaint: lack of personal jurisdiction over Defendants and, in the alternative, partial failure to state claims.

The FAC provides no new, substantive facts to support jurisdiction over Defendants; it, along with the supporting declaration, merely makes conclusory

legal conclusions, namely that the various contracts were to be "performed" in Texas, contrary to every fact in the record and relevant case law, and again dwells on alleged merits disputes without alleging sufficient jurisdictional facts. *See Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303 (2nd Cir. 2020) (observing that, "when faced with an amended complaint, [district courts] may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading"); *see also Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556-58 (2d ed. 1990)); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D. Va. 2004) ("Defendants are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.").

Setting aside whether a motion to dismiss is moot following the filing of an amended complaint, there is a practical reason for rejecting Plaintiffs' imprudent mootness argument: the Court already has everything before it to rule on the Motion to Dismiss. Because Plaintiffs have already alleged all of

the facts they could have conjured up to support jurisdiction, nothing else remains to be considered.[1]

## B. The FAC does not change the jurisdictional analysis.

The FAC and the supporting Declaration of Jaikrishna Patel (Dkt. 30-1) offer the following facts to support jurisdiction:

- "I personally reside in Texas and have lived there continuously since 2014. I do not personally own any property or have a personal bank account in California." Dkt. 30-1, ¶ 3
- "The competition was sponsored by and principally driven by Texas-headquartered EDGE. I planned to provide the investment." *Id*., ¶ 5.
- "[The SAFE] was signed by Mr. Regev in his capacity as Jointer's CEO. It listed a Dickinson, Texas address for me." *Id*., ¶ 11.
- "Mr. Regev personally volunteered to travel to Houston, Texas specially to meet with me … [and] provided specific reasons why the project had been delayed." *Id*., ¶ 19. "In early February 2020, Mr. Regev again traveled to Texas to work on the items promised in the License Agreement and Addendum." *Id*., ¶ 22.

---

[1]   In an abundance of caution, Defendants may *conditionally* refile their Motion to Dismiss by Thursday, January 14, 2021, but it will largely contain the same arguments when considering together the Motion to Dismiss and this Reply. Fed. R. Civ. P. 15(a)(3). The mootness contention appears to be made solely to drag out the process to further or expand the scope of discovery, given Defendants' pending Motion to Stay Discovery (Dkt. 26), as Plaintiffs have hastily served discovery requests and now seek a conference for what is no doubt a soon-to-arrive motion to compel. As for the Court's deadlines, Defendants have assured Plaintiffs they will agree to the parties filing a motion to continue the current deadlines to mirror those, with the Court's approval respectfully, included in the parties' Joint Case Management Order. Dkt. 20.

As explained below, none of these allegations changes the proper analysis, which Plaintiffs gloss over. Plaintiffs erroneously believe that repackaging their contract claims as tort claims and narrowing their contract claims changes the conclusion that personal jurisdiction over Defendants is lacking. Plaintiffs are wrong.

1. **The contracts are with a California-based company.**

Plaintiffs mistakenly emphasize their own connection to Texas, but courts have stressed that the contact of others is irrelevant; the Supreme Court has explained that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 283–84, 286 (2014). And random, fortuitous, or attenuated contacts with the forum state are insufficient. *Id*. Yet that is the precise approach Plaintiffs take to support jurisdiction over Defendants, seeking to paint two attenuated visits to Houston, Texas, made long after the contracts were negotiated and executed, as "substantial connection" with the forum. Nothing could be more wrong.

Regev's two visits to Houston, long after the contracts had been executed, are no different than, say, directing telephone calls and other communications to the forum state in the course of negotiating and performing a contact, or even mailing payments to the forum state, *none of which*, among many other

variations of such allegations, have been found jurisdictionally sufficient to show purposeful availment. *See McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (affirming dismissal on jurisdictional grounds and observing: "The little contact with Texas came only from the fortuity of the plaintiffs' residence here."); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344–45 (5th Cir. 2004) (holding "the fact that [defendant] contracted with Texas-based OTSI, initiated and contemplated a long-term business relationship with OTSI, communicated with OTSI concerning the development and execution of the contract, and wired money to OTSI … do not indicate that [defendant] intended to avail itself of the privilege of doing business in Texas").

Even Plaintiffs' own evidence (Dkt. 30-1—the declaration of J. Patel) establish beyond dispute that California "was the hub of activities." *McFadin*, 587 F.3d at 761. Plaintiffs' erroneous contention that the contracts were to be performed in Texas is both objectionable because it is a legal conclusion and factually incorrect: the contracts were to be performed in California because that is where Jointer is located and the case is all about Jointer as a start-up developing new technology, ***none of which takes place in Texas***. Dkt. 21-1 (declaration stating that Jointer has no employees in Texas; does not own property in Texas; and is not registered to do business in Texas).

Plaintiffs believe that their Texas residency is sufficient to confer jurisdiction over Defendants, contrary to decades of jurisprudence focusing on the "hub of activities" and other important factors addressed in the Motion to Dismiss, including the choice of law clauses, which Plaintiffs do not even attempt to consider, relegating the issue to a footnote (Dkt. 30 at fn.2) with no corresponding analysis. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 482 (1985) (choice-of-law provisions are relevant to the analysis in contract cases).

Plaintiffs also do not make any attempt to distinguish the jurisdictional facts supporting the various claims. For example, the SAFE (called the "Convertible Note" in the Motion to Dismiss) is an agreement between Jointer and Patel, yet Plaintiffs' Response does not seek to establish personal jurisdiction over Defendants *for each specific contract or tort claim*. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006). The broad brush approach is contrary to the approach required in this Circuit.

**2. The new tort claims do not change the personal jurisdiction analysis.**

Realizing their claims have no merit and personal jurisdiction is lacking, Plaintiffs' FAC asserts more tort claims to somehow bootstrap personal jurisdiction to those claims. Dkt. 31, ¶¶ 74–77 (fraud claim) & 79–82 (negligent misrepresentations and omissions). But courts have rejected this approach to jurisdiction because it would otherwise prompt every plaintiff to allege a tort

simply as a mean of hailing a foreign resident into the forum. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790–91 (Tex. 2005) ("Several problems arise if jurisdiction turns not on a defendant's contacts, but on where it 'directed a tort.'").

"The proper focus of the minimum contacts inquiry in intentional-tort cases is the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Said differently, the personal jurisdiction analysis does not turn on "whether a defendant's contacts were tortious" but rather the *contact themselves*. *Michiana*, 168 S.W.3d at 792.

Plaintiffs' allegations that Defendants fraudulently induced them into entering into contracts (contracts Plaintiffs have sued upon) is nothing but a repacking of the same breach of contract claims, namely that they did not receive the benefits they bargained for under the contracts. *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018) (observing that "only those acts which relate to the formation of the contract and the subsequent breach" of the contract are considered). All of the allegedly tortious statements arise from the negotiations that occurred in California. *See, e.g.*, Dkt. 30, ¶ 75 ("During the February 2018 in-person meeting between Regev and Patel at the Veggie Garden restaurant in Mountain View, California, Regev repeatedly stated that Jointer would be 'bigger than Uber[.]'").

Even when the FAC alleges torts based on statements allegedly made in Texas by Regev, which Defendants deny (although culpability is not at issue now, contacts are), such allegations alone do not suffice to confer jurisdiction because the claims arise from the parties' (Plaintiffs and Jointer) contractual relationships. *Michiana*, 168 S.W.3d at 792 ("[W]e disapprove of those opinions holding that … specific jurisdiction turns on whether a defendant's contacts were tortious rather than the contact themselves."). Indeed, a cursory review of the "Prayer for Relief" sections of the Original Complaint and the FAC shows them to be not only identical, but the relief they seek is largely contractual. *See, e.g.*, Dkt. 31, ¶ 84.C ("EDGE and Patel are entitled to work product bargained for and/or the expected lost profits pursuant to the terms of those agreements ….").

### 3. Because Patel is not a shareholder, Jointer owes him no fiduciary duty.

Plaintiffs claim Patel is owed a fiduciary duty in "***this***" case because "Patel was given the right to exercise an optional conversion under § 3(a)(iii)" of the SAFE. Dkt. 30 at 18. But that just means Patel may have a breach of contract claim, not a fiduciary duty claim. None of the cases cited by Plaintiffs change the analysis, as they involve actual "shareholders." *See, e.g.*, *King v. Douglas*, 973 F. Supp. 707, 710 (S.D. Tex. 1996) ("[Plaintiff] Kevin King currently owns 10,000 shares of the Fund, while David Massarano owns 1,199

shares."); *Dowling v. Narragansett Cap. Corp.*, 735 F. Supp. 1105, 1113 (D.R.I. 1990) ("This is a suit by some shareholders … who seek damages for the sale of all of the corporation's assets …."). Patel is not owed a fiduciary duty by Defendants because he is not a shareholder of Jointer. The FAC lumps EDGE196 with Patel under Count V (fiduciary duty), but it makes no effort to explain why EDGE196 is owed a duty under the SAFE, which is only between Patel and Jointer.

Respectfully submitted,

*/s/ Mo Taherzadeh*

TAHERZADEH, PC
MO TAHERZADEH
mo@taherzadehlaw.com
Texas Bar No. 24028022
Federal Bar No. 29596
550 Post Oak Blvd., Suite 580
Houston, Texas 77027
Telephone: (713) 360-6055

Counsel for Defendants

## CERTIFICATE OF SERVICE

On January 11, 2021, a copy of the foregoing instrument was served all counsel of record via the Court's ECF system.

*/s/ Mo Taherzadeh*
Mo Taherzadeh