IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGE196, LLC AND <br> JAIKRISHNA PATEL, <br> *Plaintiffs*, <br><br> v. <br><br> JOINTER, INC. & JUDE G. REGEV, <br> *Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-03417 <br><br><br> JURY TRIAL DEMANDED |

**Defendants' Answer**

Defendants Jointer, Inc. and Jude G. Regev respectfully file this Answer to Plaintiffs' First Amended Complaint. Dkt. 31. This Answer is subject to Defendants' objection to the exercise of personal jurisdiction over them, as alleged in pleadings, Dkts. 21 and 35, and overruled by this Court. Dkt. 38.

## I. Answer

As required by the Federal Rules of Civil Procedure, Plaintiffs' allegations are made in consecutively numbered paragraphs. In answering each of the separately numbered paragraphs of the First Amended Complaint, Defendants have not responded to the headings. To the extent any response is necessary to these headings, the allegations contained in the headings are denied. All facts or assertions not expressly admitted are hereby denied, even when the responses below indicate Defendants lack sufficient information to admit or deny the

allegations. Moreover, many of the paragraphs in the First Amended Complaint are denied because they do not represent "a short and plaint statement of the claims"; instead, they are chalk full of complex narrative and disputed allegations. Defendants reserve their right to amend these answers.

1. The introductory part of this paragraph does not require a responsive pleading. The remainder of the paragraph is denied.

2. Denied.

3. Denied.

4. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

5. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, Defendants admit that, upon information and belief, Jay Patel is a Texas resident.

6. Admitted.

7. Admitted.

8. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

9. This paragraph asks for a legal conclusion, to which no responsive pleading is required.

10. Denied. The allegations in this paragraph are further subject to Defendants' challenge to this Court's exercise of personal jurisdiction over them.

11. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

12. Subject to its prospective recitation of some facts, admitted, except as to the March 2016 date, which is denied.

13. Subject to its prospective recitation of some facts, admitted.

14. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

15. Denied.

16. Defendants lack sufficient information to admit or deny the first sentence of this paragraph. The remaining allegations of this paragraph are denied.

17. Defendants admit that a SAFE agreement was entered into and that the quoted language appears to be from the SAFE agreement. Defendants deny the remainder of this paragraph, largely the statement, "To commemorate this agreement," as it incorporated by reference allegations that are denied.

18. Denied.

19. Denied.

20. Denied.

21. The first and last sentences of this paragraph are denied. The remainder, assuming the recitation of the license's terms fully tracks the actual language, is admitted.

22. Denied.

23. Admit that an Addendum to the License with terms was signed. The remaining allegations are denied.

24. Admit that an Addendum to the License with terms was signed. The remaining allegations are denied.

25. Admit that an Addendum to the License with terms was signed; and if the terms referenced track those terms without any expansion or limitation, admitted. The remaining allegations, which include legal or subjective opinions for which no responsive pleading is required, are denied.

26. Denied.

27. Denied.

28. Admit that another Addendum with terms was signed; it the terms recited in this paragraph track the language of the Addendum without adding meaning to them in this paragraph, they are admitted. The remaining parts of the paragraph are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. This paragraph consists of legal and subjective opinions that do not require a responsive pleading, and to the extent one is required, denied.

34. This paragraph consists of legal and subjective opinions that do not require a responsive pleading, and to the extent one is required, denied.

35. This paragraph consists of legal and subjective opinions that do not require a responsive pleading, and to the extent one is required, denied.

36. This paragraph consists of legal and subjective opinions that do not require a responsive pleading, and to the extent one is required, denied.

37. This paragraph consists of legal and subjective opinions that do not require a responsive pleading, and to the extent one is required, denied.

38. Without citation to specific communications, Defendants cannot admit or deny the quotations in this paragraph, especially without context; to the extent they are accurate quotations from the parties' communications, admitted that they are so; the remaining allegations are denied.

39. Other than the quotations, assuming correctly recited, admitted as statements; the remaining allegations are denied.

40. Denied.

41. Denied.

42. Denied, other than the quotations, assuming correctly recited, which are admitted as statements.

43. This paragraph contains legal and subjective opinions to which no responsive pleading is required. To the extent one is required, denied.

44. This paragraph does not require a responsive pleading. To the extent one is required, denied.

45. Admit the first sentence. The second sentence is denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

51. This paragraph does not require a responsive pleading. To the extent one is required, denied.

52. Denied.

53. Denied.

54. Denied.

55. This paragraph does not require a responsive pleading. To the extent one is required, denied.

56. Assuming the recitation of the license's terms fully tracks its actual language, admitted that those are the terms. If there is any intent to reflect some other term, denied.

57. Denied.

58. Denied.

59. Denied.

60. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

61. This paragraph does not require a responsive pleading. To the extent one is required, denied.

62. Assuming the recitation of the license's terms fully tracks its actual language, admitted that those are the terms. If there is any intent to reflect some other term, denied. Defendants lack sufficient information to admit or deny the last clause of this paragraph ('which is the …"); if, however, a response is required, denied.

63. Assuming the recitation of the license's terms fully tracks its actual language, admitted that those are the terms; the last sentence of this paragraph is denied.

64. Denied.

65. Denied.

66. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

67. This paragraph does not require a responsive pleading. To the extent one is required, denied.

68. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

69. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

70. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

71. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

72. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

73. This paragraph does not require a responsive pleading. To the extent one is required, denied.

74. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

75. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

76. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

77. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

78. This paragraph does not require a responsive pleading. To the extent one is required, denied.

79. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

80. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

81. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

82. This paragraph asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

83. This paragraph does not require a responsive pleading.

84. This paragraph, including its subparts, asks for a legal conclusion, to which no responsive pleading is required. To the extent one is required, it is denied.

## II. Affirmative and Other Defenses

Pleading further, if necessary, Defendants asserts the following defenses, without conceding that Defendants bear the burden of proof for all the matters set forth herein.

1. Defendants plead that this Court lacks personal jurisdiction over them consistent with the Texas and Federal Constitutional standards for exercise of jurisdiction over nonresidents of Texas.

2. Defendant Jointer further alleges that Plaintiffs are not entitled to declaratory relief as a matter of law and fact because their request is a repackaging of their breach of contract claims.

3. Defendant Jointer further pleads that Plaintiffs materially breached the contracts first, thus relieving the non-breaching party from having to continue performance.

4. Defendant Jointer further pleads that Plaintiffs have not satisfied all conditions precedent to any claim of breach.

5. Defendants further plead the economic loss rule as a bar to Plaintiffs' recovery under any tort theory, including, but not limited to, claims of fraud, negligent misrepresentations and omissions.

6. Defendants further plead the business judgment rule under the applicable law, including any similarly phrases legal concept that, in whole or in part, protects a business decision made relying on their business judgment.

7. Defendants further plead the statute of frauds.

8. Defendants further plead the disclaimer of fraud or other torts related to the SAFE agreement, which contains numerous exculpatory clauses and other limitations to Plaintiffs' claims, including, but not limited to, paragraphs 4–5, 10–12, and 17–18, including subparts, of the SAFE agreement.

9. Defendants reserve the right to plead additional defenses as the facts of this case are developed.

Respectfully submitted,

*/s/ Mo Taherzadeh*

TAHERZADEH, PC
MO TAHERZADEH
mo@taherzadehlaw.com
Texas Bar No. 24028022
Federal Bar No. 29596
550 Post Oak Blvd., Suite 580
Houston, Texas 77027
Telephone: (713) 360-6055

Counsel for Defendants

## CERTIFICATE OF SERVICE

On August 13, 2021, a copy of the foregoing instrument was served all counsel of record via the Court's ECF system.

*/s/ Mo Taherzadeh*
Mo Taherzadeh