IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGE196, LLC AND<br>JAIKRISHNA PATEL,<br><br>*Plaintiffs,*<br><br>JOINTER, INC. AND<br>JUDE G. REGEV,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:20-cv-03417 |

## PLAINTIFFS' UNOPPOSED MOTION TO REINSTATE THE CASE

Plaintiffs EDGE 196, LLC and Jaikrishna Patel, by and through undersigned counsel, file this motion to reinstate the case pursuant to this Court's March 30, 2022 Order of Dismissal that provided a "right of counsel of record to move for reinstatement within ninety days (90) days [sic] upon presentation of adequate proof that final approval of the settlement could not be obtained from the respective principals for whom counsel act." (Docket 51.) Defendants have not stated that they oppose the motion. Farleigh Decl., ¶ 6.

## RELEVANT FACTS AND PROCEDURAL HISTORY

EDGE and Patel filed this action on October 2, 2020, asserting three distinct breach of contract claims, a declaratory judgment claim, and a breach-of-fiduciary

duty claim. (Docket 1.) Plaintiffs later amended their Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a). (Docket 31.) That complaint contains two additional claims for fraud and for negligent misrepresentations and omissions. (*Id.*) Following lengthy negotiations, the parties entered into a Global Settlement Agreement on March 10, 2022. Farleigh Decl., Exhibit A. That settlement agreement was "contingent upon the return to Jay Patel of $250,000 paid to CoinTiger within seven (7) days of Jude Regev and Jay Patel sending a letter to CoinTiger requesting the return of the funds, funds owned by Mr. Patel, directly to Mr. Patel." *Id.* That agreement further required Mr. Regev to deliver certain enumerated materials to Mr. Patel within "thirty days of the execution of this agreement," including (1) copy of Jointer White paper; (2) copy of Jointer tokenomics paper; (3) copy of Jointer auction and IEO paper; (4) copy of Jointer technical design paper; (5) copy of Jointer SAFT contract; (6) copy of Legal structure; (7) copy of three coins code: JNTR, JNTR/x, and JNTR/e; (8) copy of an Auction page; (9) hosting EDGE196 coin on Smart swap exchange; (10) presentations; (11) certain conversions; (12) integration of EDGE196 wallet to Jointer; (13) solution for whitelist; and (14) multiple smart contracts between entities.

    The parties informed the Court of the settlement and, on March 30, 2022, the Court dismissed the case "without prejudice to the right of counsel of record to move

for reinstatement within ninety days (90) days [sic] upon presentation of adequate proof that final approval of the settlement could not be obtained from the respective principals for whom counsel act." (Docket 51.)

Following execution of the settlement agreement, the parties both reached out to CoinTiger requesting the return of funds. However, no funds have been returned. Farleigh Decl. ¶ 4. Further, Mr. Regev and Jointer have not furnished the materials enumerated within the settlement agreement to Plaintiffs. *Id.* ¶ 5. Because the settlement agreement was not finalized and fulfilled, Plaintiffs now seek reinstatement of their case.

## ARGUMENT

**I.**      **FINAL APPROVAL OF THE SETTLEMENT COULD NOT BE OBTAINED**

The standard for reinstatement of the case is the timely filing of a motion to reinstate with "adequate proof that final approval of the settlement could not be obtained from the respective principals for whom counsel act." (Docket 51.) There is no dispute that the condition precedent upon which the settlement agreement was contingent did not occur since the $250,000 in funds from CoinTiger has not been received. Farleigh Decl. ¶ 4. Despite the efforts of the parties, no response of any kind has been received from CoinTiger. *Id.* Further, Defendants' counsel admits that Defendant has not furnished the enumerated items in the settlement agreement.

Farleigh Decl. ¶ 5.[1] Because the settlement agreement was not fulfilled, Plaintiffs seek timely reinstatement of the case by this Court.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Reinstate the Case.

Dated: June 28, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Vineet Bhatia*
　　　　　　　　　　　　　　　　　　　　　　Vineet Bhatia
　　　　　　　　　　　　　　　　　　　　　　SUSMAN GODFREY L.L.P.
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 00795976
　　　　　　　　　　　　　　　　　　　　　　S.D. Adm. #20187
　　　　　　　　　　　　　　　　　　　　　　1000 Louisiana Street, Suite 5100
　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002-5096
　　　　　　　　　　　　　　　　　　　　　　Telephone: (713) 651-9366
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (713) 654-6666
　　　　　　　　　　　　　　　　　　　　　　Email: vbhatia@susmangodfrey.com

　　　　　　　　　　　　　　　　　　　　　　*Attorney-in-Charge for EDGE196, LLC and Jaikrishna Patel*

---

[1] The parties are working this week to try to resolve the case. If successful, Plaintiffs will withdraw this motion.

OF COUNSEL:

Jenna Farleigh
Washington State Bar No. 47392
SUSMAN GODFREY L.L.P.
1201 Third Avenue
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-mail: jfarleigh@susmangodfrey.com

## CERTIFICATE OF SERVICE

I certify that on June 28, 2022, a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

/s/ Vineet Bhatia
Vineet Bhatia